IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:04CR350 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| DEWAYNE A. GREEN, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the following motions filed by the Defendant, Dewayne A. Green: to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 motion") (Filing No. 106); and the motion for leave to proceed in forma pauperis (Filing No. 107). His § 2255 motion is supported by a brief (Filing No. 108.)

Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

**FACTUAL BACKGROUND**

Green pleaded guilty to a one-count Indictment charging him with possessing cocaine base with intent to distribute, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1) and 841(b)(1). The plea agreement was conditional, allowing Green to appeal the denial of his motion to suppress[1] to the Eighth Circuit Court of Appeals. (Filing No. 65.)

---

[1]The issues argued in the motion to suppress related to the stop of the vehicle in which Green was a passenger, the consent to search given by the driver and owner of the vehicle, and Green's lack of expectation of privacy in the area searched.

Green was sentenced to 105 months imprisonment and 5 years supervised release. He appealed the order denying his suppression motion.[2] (Filing No. 48.) The Eighth Circuit Court of Appeals affirmed this Court's judgment, concluding: the motion to suppress was properly denied; and Green's sentence was presumptively reasonable. (Filing No. 93.) Green timely filed his § 2255 motion.

## DISCUSSION

In his § 2255 motion, Green argues: evidence was obtained through an unconstitutional search and seizure; evidence was obtained through an unlawful arrest; defense counsel was ineffective in arguing the suppression issues; and his sentence was unreasonable under *United States v. Booker,* 543 U.S. 220 (2005) and 18 U.S.C. § 3553.

### *Suppression Issues*

The suppression issues were decided on appeal, and those issues may not be relitigated in the § 2255 motion. *United States v. Davis,* 406 F.3d 505, 511 (8th Cir. 2005). The claim is denied.

### *Ineffective Assistance of Counsel*

In order to establish ineffective assistance of counsel, a defendant must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to

---

[2]The plea was conditional.

demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id.* at 687.

Green argues that defense counsel was ineffective in failing to argue the issue of consent to search and in failing to investigate any witnesses present at the traffic stop. Because the Court may not re-address issues already decided on appeal, Green cannot prove either prong of the *Strickland* test. This claim is denied.

### *Unreasonable Sentence*

This issue was decided on appeal and may not be relitigated in the § 2255 motion. *Davis,* 406 F.3d at 511. The claim is denied.

### CONCLUSION

For the reasons discussed, the Court concludes that under Rule 4(b) the Defendant's § 2255 motion must be summarily denied.

IT IS ORDERED:

1. The Court has completed the initial review of the Defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Filing No. 106);

2. Upon initial review, the Court summarily denies the Defendant's claims raised in the § 2255 motion, and the motion (Filing No. 106) is summarily denied;

3. A separate Judgment will be issued denying the § 2255 motion; and

4. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 23rd day of October, 2007.

BY THE COURT:

s/Laurie Smith Camp

United States District Judge